**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **ED CV 26-1760-JFW(JDE)**                        Date:  April 16, 2026

Title:        Humberto Negrete Bravo -v- Secretary of Homeland Security, el al.

**PRESENT:    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**
      **Shannon Reilly**                              **None Present**
      **Courtroom Deputy**                          **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                            None

**PROCEEDINGS (IN CHAMBERS):        ORDER DENYING PETITIONER'S MOTION FOR A
                              TEMPORARY RESTRAINING ORDER, PRELIMINARY
                              INJUNCTION, AND AN ORDER TO SHOW CAUSE
                              [filed 4/9/2026; Docket No. 3]**

On April 9, 2026, Petitioner Humberto Negrete Bravo ("Petitioner") filed a Motion for a Temporary Restraining Order, Preliminary Injunction, and an Order to Show Cause ("Motion"). On April 13, 2026, Respondents filed a Response.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that no additional briefing is necessary and that this matter is appropriate for decision without oral argument.  The hearing calendared for April 27, 2026 is hereby vacated and the matter taken off calendar. After considering the moving and response papers, and the arguments therein, the Court rules as follows:

On April 10, 2026, the Clerk issued a Notice of General Order 26-05 and Briefing Schedule ("Notice"), which sets an expedited briefing schedule in this case.  Docket No. 6.  The briefing schedule requires Respondents to file an answer to Petitioner's Petition for a Writ of Habeas Corpus ("Petition") no later than seven days from issuance of the Notice, and Petitioner's reply is due no later than fourteen days after the answer is served.  In light of the expedited briefing schedule on the underlying Petition, the Court concludes that Petitioner has failed to demonstrate that emergency relief is necessary.  As a result, the Court concludes that Petitioner is not entitled to ex parte relief.  *See Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 22 (2008) (concluding that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"); *see also Granny Good Foods, Inc., v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (holding that the underlying purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing").

Accordingly, Petitioner's Motion is **DENIED**.  Proceedings on the merits of Petitioner's Petition will continue before the Magistrate Judge.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__